IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:20-cv-2196**

**Joshua Prieto,**
            **Plaintiff,**

**v.**

**Saint Vrain Research, LLC, Ryan Lynch**
**and Jeremy Widmann**
            **Defendants.**

_____

### ORIGINAL COMPLAINT
_____

COMES NOW Plaintiff Joshua Prieto ("Plaintiff"), by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Saint Vrain Research, LLC, Ryan Lynch and Jeremy Widmann (collectively "Defendant" or "Defendants"), and in support thereof he does hereby state and allege as follows:

### I.      PRELIMINARY STATEMENTS

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2.      Plaintiff also brings this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA"), and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6.      This Complaint also alleges CWA and CMWO violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's CWA and CMWO claims pursuant to 28 U.S.C. § 1367(a).

7.      The witnesses to the wage violations herein reside in this District.

8.      The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.      THE PARTIES

9.      Plaintiff is a resident and citizen of Boulder County.

10.      Separate Defendant Saint Vrain Research, LLC ("Saint Vrain Research"), is a Colorado limited liability company.

11.      Saint Vrain Research's registered agent for service is Jeremy Joseph Widmann at 5926 St. Vrain Road, Longmont, Colorado 80503.

12.   Saint Vrain Research does business at Boulder Hemp.

13.   Separate Defendant Ryan Lynch ("Lynch") is an individual and resident of Colorado.

14.   Separate Defendant Jeremy Widmann ("Widmann") is an individual and resident of Colorado.

15.   Defendants maintain a website at https://boulder-hemp.com/.

## IV.   FACTUAL ALLEGATIONS

16.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

17.   Lynch is an owner, principal, officer and/or director of Saint Vrain Research.

18.   Lynch manages and controls the day-to-day operations of Saint Vrain Research, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

19.   Widmann is an owner, principal, officer and/or director of Saint Vrain Research.

20.   Widmann manages and controls the day-to-day operations of Saint Vrain Research, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

21.   Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

22.   Defendant's primary business is hemp cultivation, extraction, production, formulation, wholesale, retail and consulting.

23.    Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as farming tools and equipment.

24.    Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

25.    At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

26.    Plaintiff was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

27.    Specifically, Plaintiff was employed by Defendant from November of 2017 until May of 2020 as a general laborer.

28.    Plaintiff's job duties included, but were not limited to, performing physical work such as helping grow and pick plants, making hash, picking up supplies and materials for farm work, cleaning around the farm and mowing the lawn.

29.    Plaintiff was paid an hourly rate.

30.    From November of 2017 until November of 2019, Plaintiff was misclassified by Defendant as an independent contractor and as exempt from the overtime requirements of the FLSA.

31.     Plaintiff's work followed the usual path of employer-employee relationships; Defendant treated him as an independent contractor only for tax purposes and for Defendant's convenience.

32.     Defendants at all times relevant hereto knew that Plaintiff was acting as an employee, rather than as an independent contractor, and treated him as an employee.

33.     Defendant expected Plaintiff to follow Defendant's policies regarding his employment.

34.     Defendant required Plaintiff to satisfy whatever needs and requirements Defendants had.

35.     Plaintiff was hired to work for Defendant for a continuous and ongoing period of time.

36.     Plaintiff did not have any control or authority over any employee's rate of pay or working hours.

37.     Defendant determined Plaintiff's pay scale without input from or negotiation with Plaintiff.

38.     Defendant set prices for services without input from or negotiation with Plaintiff.

39.     Defendant made decisions on advertising Defendant's business without Plaintiff's input.

40.     Plaintiff did not negotiate contracts or price with Defendant's customers.

41.     Defendant assigned Plaintiff specific jobs and duties, and he was not allowed to refuse those jobs or duties.

42.     Defendant required Plaintiff to follow the directions of Defendant with respect to growing and picking plants and performing other farm work.

43.     Plaintiff had no opportunity to share in Defendant's profits.

44.     Plaintiff had no opportunity to share in Defendant's losses.

45.     Plaintiff's investment in Defendant's business or operations was limited to some inexpensive tools, such as shears, scissors, and an ice chest.

46.     Defendant provided Plaintiff with tools necessary to perform his job such as shovels and rakes, a tractor for mowing and farm work, and all equipment necessary for processing the plants to make the products that Defendant offers.

47.     Plaintiff regularly worked in excess of 40 hours/week throughout his tenure.

48.     Defendant did not pay Plaintiff an overtime premium of one and one-half times his regular hourly rate for his hours worked in excess of forty (40) in a week during the time that they misclassified him as an independent contractor.

49.     Beginning in November of 2019, Defendant classified Plaintiff as an hourly employee and as non-exempt from the overtime requirements of the FLSA and paid him an hourly rate.

50.     However, after Defendant classified Plaintiff as an hourly employee, Defendant continued to pay Plaintiff his regular rate with no overtime premium for all hours that he worked for Defendant including hours in excess of forty (40) in a week.

51.     At all relevant times herein, Defendant directly hired Plaintiff to work on their behalf, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

52.     Defendant knew or showed reckless disregard for whether the way they paid Plaintiff violated the FLSA.

## V.     FIRST CLAIM FOR RELIEF
### (Claim for Violation of the FLSA)

53.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

54.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

55.     Defendant misclassified Plaintiff as exempt from the requirements of the FLSA for a portion of his tenure with Defendant from November of 2017 until November of 2019 and classified Plaintiff as non-exempt from the requirements of the FLSA from November of 2019 until May of 2020.

56.     Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate for all hours worked in excess of 40 for the duration of Plaintiff's employment with Defendant.

57.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

58.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint.

59.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the

amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     SECOND CLAIM FOR RELIEF
### (Violations of CWA, C.R.S. § 8-4-101, *et seq.*, and CMWO, C.C.R. § 1103-1)

61.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

62.     Plaintiff regularly worked more than forty (40) hours per workweek.

63.     Defendant failed to properly pay Plaintiff overtime wages at a rate of not less than 1.5x his regular rate of pay for all hours worked over 40.

64.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

65.     Because Defendant willfully violated the CWA and CMWO, a three (3) year statute of limitations shall apply to such violations.

66.     As a result of Defendant's policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Joshua Prieto respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A.      That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

B.      A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C.      Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

D.      Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

E.      A declaratory judgment that Defendant's practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

F.      Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

G.      An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

H.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JOSHUA PRIETO**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040


*/s/ April Rhéaume*
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Colo. Bar No. 44358
josh@sanfordlawfirm.com